IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

OLDCASTLE SOUTHERN GROUP, INC.,
f/k/a APAC SOUTHEAST, INC.,
    Plaintiff,

v.                                       3:10cv345/WS/CJK

BURNHAM PAVING, LLC, et al.,
    Defendants.
_____

## ORDER AND
## REPORT AND RECOMMENDATION

      By order dated December 13, 2011, counsel for the defendants were permitted to withdraw and the defendants were given 30 days in which to retain substitute counsel. To date, no counsel has appeared on their behalf in this case and the time for retaining substitute counsel has expired. Upon entry of the order, Judge Stafford reminded defendants than an LLC may not appear in court without counsel. Accordingly, defendants Jason Burnham and Kenneth C. Burnham may proceed as pro se litigants, and the court will assume they intend to do so; but "[t]he rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel." *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985), *cert. denied*, 474 U.S. 1058 (1986). The undersigned is aware of, and has reviewed, the correspondence sent by Willard Carl

Burnham concerning attempts to procure counsel. Over a month has passed since that letter, and over two months since Judge Stafford's order requiring substitute counsel, yet no appearance of counsel has been made as the corporate defendants. Accordingly, the clerk should be directed to enter a default against Burnham Paving, LLC and Burnham Paving & Striping, LLC for their failure to appear through counsel as ordered.

The court notes that, owing to delay resulting from withdrawal of counsel, various discovery matters remain pending, including documents 45, 46, and 47. Before ruling on those motions, the court would like a status report from plaintiff's counsel.

Accordingly, it is ORDERED:

1. Defendants Jason Burnham and Kenneth C. Burnham will proceed pro se. These defendants are advised that, should discovery matters remain outstanding, the court will enter orders, including sanctions, to resolve such matters.

2. Plaintiff will within one week advise the court of the status of the pending discovery matters. The court will then schedule a conference or hearing on these matters, as the case requires.

It is further respectfully RECOMMENDED:

The clerk should be directed to enter a default against the corporate defendants, Burnham Paving, LLC and Burnham Paving & Striping, LLC. for their failure to appear through counsel as ordered.

At Pensacola, Florida this 23rd day of February, 2012.

/s/ *Charles J. Kahn, Jr.*
CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of any objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).