Case 3:10-cv-00345-WS-CJK   Document 88   Filed 06/12/12   Page 1 of 6

Page 1 of 6

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

OLDCASTLE SOUTHERN GROUP, INC.,
f/k/a APAC SOUTHEAST, INC.,
    Plaintiff,

v.                                    3:10cv345/WS/CJK

BURNHAM PAVING, LLC, et al.,
    Defendants.
_____

ORDER AND
REPORT AND RECOMMENDATION

    Pursuant to notice to the parties, the court conducted a status conference by telephone on June 6, 2012. (Doc. 83)  Having considered the matters set out in the notice and also the entire docket of this case, the court makes the following findings:

    1.    On September 1, 2011, plaintiff propounded separate written discovery requests to each defendant.

    2.    After defendants failed to timely respond, and despite plaintiff's efforts to obtain defendant's overdue initial Rule 26 disclosures and discovery responses without court intervention, on October 12, 2011, plaintiff filed its Motion to Compel and Memorandum of Law. (Doc. 45)

3. On October 14, 2011, the court ordered defendants to show cause within ten (10) days as to why plaintiff's Motion to Compel should not be granted. (Doc. 49)

4. On October 17, 2011, defense counsel moved to withdraw. (Doc. 52)

5. Defendants responded through counsel to the court's order to show cause on October 21, 2011 (doc. 55), seeking an additional thirty (30) days to provide discovery responses.

6. The District Judge deferred defense counsel's Motion to Withdraw on October 21, 2011, ordering that within thirty (30) days defendants: "(1) file an appropriate notice of substitution of counsel, or (2) file a notice of intention to proceed without counsel, or (3) explain why Mr. Willis should continue with his representation despite his desire to withdraw." (Doc. 56)

7. On October 31, 2011, the court stayed all discovery pending resolution of defense counsel's Motion to Withdraw, or within forty-five (45) days, whichever occurs first. (Doc. 57)

8. Each defendant filed their respective consents to defense counsel's Motion to Withdraw on December 7, 2011. (Doc. 60)

9. The District Judge granted defense counsel's Motion to Withdraw on December 13, 2011, ordering that by January 13, 2012, defendants "have substitute counsel file a notice of appearance or otherwise advise the court and opposing counsel about how they plan to proceed with regard to representation, keeping in mind that an LLC cannot appear in court *pro se* (i.e., without counsel)." (Doc. 61)

10. On January 18, 2012, plaintiff filed a letter it received from non-party, Willard Carl Burnham, on January 13, 2012. In the letter, Mr. Burnham requests an additional thirty (30) days to obtain new counsel for defendants. (Doc. 66)

11. On February 23, 2012, the court entered its order and report and recommendation, recommending that the clerk enter defaults against defendants, Burnham Paving, L.L.C. and Burnham Paving & Striping, LLC (the "Corporate Defendants"), for failing to obtain new counsel. (Doc. 69) The court also acknowledged that "various discovery matters remained pending, including documents 45, 46, and 47," and ordered plaintiff to provide a status report to the court within one week before ruling on those matters. (Doc. 69)

12. The District Court adopted the above recommendation on March 26, 2012, directing the clerk to enter defaults against the corporate defendants, which the clerk did on March 26 and 27, 2012. (Docs. 74, 75 & 76)

13. As detailed in plaintiff's series of Status Reports filed with the court (docs. 70, 78 & 82), from approximately February through March 2012, plaintiff's counsel and Willard Carl Burnham engaged in what appeared to be good faith settlement discussions. At one point plaintiff's counsel believed that the parties had reached an understanding that would have resolved the matter. However, when plaintiff's counsel provided Mr. Burnham with draft settlement documents, neither Mr. Burnham nor any of the defendants responded, despite plaintiff's counsel's numerous attempts to communicate with defendants.

14. After all communications with defendants ceased, plaintiff filed its Third Status Report, Motion for Entry of Final Judgments Against Corporate Defendants,

Motion for Pretrial Status Conference and Incorporated Memorandum of Law. (Doc. 82)

15.     On May 15, 2012, the court entered its order and notice of telephone conference (doc. 83), requiring defendants to provide the court in writing with a contact telephone number to participate in a telephone conference scheduled for June 6, 2012 at 10:00 a.m. CDT.

16.     The court further ordered that "[t]he following matters will be addressed at the telephone conference: (1) the status of the case, including all outstanding discovery, (2) the intentions of the remaining defendants in terms of participating in this case; and (3) any other matter raised in plaintiff's Status Report (doc. 82). **Defendants Jason C. Burnham and Kenneth E. Burnham are warned that failure to participate in this conference in good faith will be deemed an intentional violation of orders of this court, and will result in sanctions, including entry of default against these defendants.**"  (Doc. 83) (emphasis in original).

17.     Notwithstanding defendants' failure and refusal to provide the court with a contact telephone number or otherwise participate in the telephone conference, on June 6, 2012, the court conducted the scheduled telephone conference, where only plaintiff's counsel appeared by telephone.

18.     Based upon the foregoing, the court finds that no sort of intermediate sanctions will serve to move this matter toward resolution.  The defendants have been given every opportunity to participate, but have apparently decided to ignore the repeated orders of the court.

Accordingly, it is ORDERED:

1.  Within ten (10) days, plaintiff shall file with the court affidavits demonstrating: (a) its liquidated damages, (b) prejudgment interest owed, calculated from the date this lawsuit was filed, and (c) any attorneys' fees and costs incurred by plaintiff as a result of this action, which plaintiff is entitled to recover pursuant to the underlying contract referenced and attached to the second amended complaint and pursuant to Federal Rules of Civil Procedure 37(b)(2)(A)(vi) and 37(c)(1)(C). (Doc. 21, Ex. A)

2.  Defendants, Jason C. Burnham and Kenneth E. Burnham, shall have twenty (20) days after plaintiff files the above-referenced affidavits(s) to file any response.

And it is respectfully RECOMMENDED:

1.  Pursuant to Federal Rules of Civil Procedure 37(b)(2)(A)(vi) and 37(c)(1)(C), the clerk should be directed to enter defaults against defendants, Jason C. Burnham and Kenneth E. Burnham, for their repeated failure to comply with numerous orders of this court as there is no lesser sanction available other than entry of a default against these defendants.

2.  The matter should remain open for consideration of any affidavit(s) filed by plaintiff and/or any response or objections filed by defendants, Jason C. Burnham and Kenneth E. Burnham. Upon the report and recommendation of the magistrate judge, the court should enter a final judgment against all defendants, jointly and severally, (defaults have already been entered against the corporate defendants (docs. 74, 75 & 76) for the amount of plaintiff's liquidated damages, plus prejudgment interest, plus plaintiff's attorneys' fees and costs.

At Pensacola, Florida this 12th day of June, 2012.

/s/ *Charles J. Kahn, Jr.*
CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).